IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN D. LUTON,

    **Petitioner,**

v.                            CASE NO. 23-3231-JWL

STATE OF KANSAS,

    **Respondent.**

## MEMORANDUM AND ORDER

Petitioner brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is in custody at the Larned State Correctional Facility in Larned, Kansas. The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to either file an amended petition under § 2254 or to provide the Court with notice as set forth in this Memorandum and Order.

**I. Allegations in the Petition**

Petitioner alleges that he is serving a state sentence imposed in Case No. 97-CR-723 in the District Court of Sedgwick County, Kansas. (Doc. 1, at 1.) Petitioner alleges that he was sentenced on January 29, 1998. *Id*. Petitioner claims that his pre-1993 sentence for a burglary committed in 1984 was scored as a person felony to enhance his current sentence. *Id*. at 2; Doc. 1–1, at 1. Petitioner alleges that prior to 1993, Kansas did not differentiate between a person felony and a nonperson felony. (Doc. 1–1, at 1.) Therefore, in 1984 he was found guilty of a felony burglary, not an aggravated burglary. *Id*. Petitioner claims that Kansas disregarded the decision in the prior conviction and the law of the case when it sentenced him on his new case. *Id*.

Petitioner claims that his new sentence violates *Apprendi*, and even though *Apprendi* does not apply retroactively, the decision expressed in that case was already established in *In re Winship*, 397 U.S. 358 (1970).  Petitioner claims that he was sentenced with a criminal history score that was enhanced from a nonperson felony to a person felony without the elements being put before a tribunal and proved beyond a reasonable doubt.  Petitioner seeks to be resentenced with the pre-1993 charge of aggravated burglary classified as a nonperson felony.  (Doc. 1, at 7.)

## II. DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.  Rule 1(b) of those Rules authorizes this Court to apply Rule 4 to federal habeas petitions brought under 28 U.S.C. § 2241. The Court has conducted a preliminary review of the petition and finds that despite being filed on the form for petitions seeking relief under § 2241, this matter appears to allege grounds for relief only actionable under § 2254.

Petitioner has filed a petition on the court-approved form for seeking relief under 28 U.S.C. § 2241, which "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition."). In other words, a petition properly brought under § 2241 may challenge "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

It does not appear from the Petition, however, that Petitioner wishes to attack the execution of his sentence. Rather, it seems that he wishes to attack the validity of his sentence enhancement.  "When a state prisoner seeks habeas relief based on his sentence, the claim can involve the validity of the prison term or the way in which it is carried out . . . Section 2254 governs when the validity of the sentence is questioned, and Section 2241 applies when the claim involves execution of a sentence." *Ives v. Beck*, 2007 WL 805627, at *2 (W.D. Okla. 2007) (citing *Davis v. Roberts*, 425 F.3d 830, 833, 834 (10th Cir. 2005)). Where a petitioner "challenges the validity of his sentence enhancement, rather than the execution of his sentence" he must "present these claims through a petition under Section 2254 rather than 2241." *Id*. (citing *See Williams v. Sirman,* 172 F. App'x 862, 864 (10th Cir. 2006) (unpublished) ("Because [the petitioner] does not attack the execution of his sentence, but rather the validity of his sentence as enhanced by a prior felony conviction, § 2241 is an inappropriate avenue of relief."); *Clark v. Bruce,* 159 F. App'x 853, 856 (10th Cir. 2005) (unpublished) (holding that a claim involving enhancement of the sentence, based on the use of two prior non-jury juvenile adjudications, implicated Section 2254 rather than Section 2241); *Cotner v. State,* 37 F. App'x 360, 362 (10th Cir. 2002) (unpublished) (holding that a habeas claim involving improper enhancement of the sentence "should have been brought under § 2254" rather than § 2241); *see also Davis v. Roberts,* 425 F.3d 830, 833 (10th Cir.2005) ("to the extent that [the petitioner] contends that his present sentence is unlawful (because it was influenced by the improper execution of his 1991 sentence), the claim should be brought under 28 U.S.C. § 2254" (citation omitted)).

Although the Court could construe the instant petition as one brought under § 2254, before recharacterizing a pro se pleading as a claim under § 2254, the Court must inform the

petitioner of the intent to recharacterize the action, warn him of the consequences, and provide him with an opportunity to withdraw or amend the filing. *Castro v. United States*, 540 U.S. 375, 377 (2003).

The Court recognizes that Petitioner "may prefer to have his claim dismissed rather than be recharacterized as a § 2254 claim because of the potential consequences with respect to any § 2254 claim he may file in the future. AEDPA places strict limitations on second or successive claims. *See* 28 U.S.C. §§ 2244(b), 2255." *Daviss*, 425 F.3d at 834–35. If this matter is recharacterized as a § 2254 petition, any future § 2254 petition likely will be subject to the restrictions on second or successive motions. Thus, this Court cannot recharacterize a pro se litigant's pleading without first giving notice to the litigant and allowing time for a response to the potential recharacterization. *Castro*, 540 U.S. at 382. The Court will therefore allow Petitioner time in which to respond to the potential recharacterization of his current petition.

Moreover, under Local Rule 9.1(a), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be filed on an official form. See D. Kan. Rule 9.1(a). The Court will direct the clerk to send Petitioner the appropriate form and, if Petitioner wishes to do so, he may submit a complete and proper amended petition containing the claims for which relief may be sought under 28 U.S.C. § 2254. If Petitioner submits an amended petition, it must be on the court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (23-3231-JWL) on the first page of the amended petition.

If Petitioner submits an amended petition on the appropriate form, the Court will proceed with the review of the amended petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court gives no opinion on the merits of a potential § 2254 petition, however it appears that such a petition may be untimely and successive.[1] *See Green v. Sirmons*, 2008 WL 649202, at *5 (W.D. Okla. 2008) (noting that if the claim is construed as a § 2254 challenge, the claim would be successive and the court would be without jurisdiction to consider the claim and would be required to transfer the action to the Tenth Circuit Court of Appeals for prior authorization).

If Petitioner does not wish to pursue a § 2254 petition at this time or if the Court has misunderstood the arguments he intends to pursue in this action, he shall file a written notice with this Court advising it of that decision. If Petitioner fails to submit an amended petition or a notice consistent with these directions, this action may be dismissed without further prior notice to Petitioner for failure to state a claim cognizable under § 2241.

If Petitioner elects to proceed under § 2254, he must pay the $5 habeas filing fee when he submits his amended petition. Petitioner has not paid the filing fee or filed a motion for leave to proceed in forma pauperis. Petitioner has, however, submitted his Poverty Affidavit and KDOC Inmate Account Statement. (Docs. 2 and 2–1.) Petitioner's financial information shows that he has sufficient funds to pay the $5 habeas filing fee if he elects to proceed in this case.

## III.  Response Required

Petitioner must submit an amended petition under § 2254 or submit a notice consistent with the directions in this Memorandum and Order. Failure to respond by the deadline may

---

[1]  The Court notes that Petitioner has filed two prior § 2254 petitions in this Court that were determined to be untimely and successive. *See Luton v. Rohling*, Case No. 08-3054, Doc. 5 (D. Kan. Feb. 25, 2009) (dismissed as time-barred); *Luton v. Goddard*, Case No. 09-3236, Doc. 3 (D. Kan. Nov. 16, 2009) (finding that this is a second or successive § 2254 petition).

result in dismissal of this matter without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED BY THE COURT** that the Petitioner shall have until **November 13, 2023,** in which to either submit an amended petition under § 2254 and the $5 habeas filing fee, or to submit a notice consistent with this Memorandum and Order.

The Clerk is directed to send § 2254 forms and instructions to Petitioner.

**IT IS SO ORDERED**.

**Dated October 19, 2023, in Kansas City, Kansas.**

                                        **S/ John W. Lungstrum**
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**