IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN D. LUTON,

    Petitioner,

    v.                                          CASE NO. 23-3231-JWL

STATE OF KANSAS,

    Respondent.

## MEMORANDUM AND ORDER

Petitioner brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is in custody at the Larned State Correctional Facility in Larned, Kansas. The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and entered a Memorandum and Order (Doc. 3) ("M&O") ordering Petitioner to either file an amended petition under § 2254 or to provide the Court with written notice that he does not wish to pursue a § 2254 petition at this time. This matter is before the Court on Petitioner's response (Doc. 4).

Petitioner's allegations are set forth in the Court's M&O. In summary, he challenges a sentence enhancement in his 1998 sentence and seeks to be resentenced with the pre-1993 charge of aggravated burglary classified as a nonperson felony.

The Court found in the M&O that although Petitioner filed a petition on the court-approved form for seeking relief under 28 U.S.C. § 2241, it does not appear from the Petition that Petitioner wishes to attack the execution of his sentence. Rather, it seems that he wishes to attack the validity of his sentence enhancement.

"When a state prisoner seeks habeas relief based on his sentence, the claim can involve the validity of the prison term or the way in which it is carried out . . . Section 2254 governs

1

when the validity of the sentence is questioned, and Section 2241 applies when the claim involves execution of a sentence." *Ives v. Beck*, 2007 WL 805627, at *2 (W.D. Okla. 2007) (citing *Davis v. Roberts*, 425 F.3d 830, 833, 834 (10th Cir. 2005)).

Where a petitioner "challenges the validity of his sentence enhancement, rather than the execution of his sentence" he must "present these claims through a petition under Section 2254 rather than 2241." *Id*. (citing *See Williams v. Sirman,* 172 F. App'x 862, 864 (10th Cir. 2006) (unpublished) ("Because [the petitioner] does not attack the execution of his sentence, but rather the validity of his sentence as enhanced by a prior felony conviction, § 2241 is an inappropriate avenue of relief."); *Clark v. Bruce,* 159 F. App'x 853, 856 (10th Cir. 2005) (unpublished) (holding that a claim involving enhancement of the sentence, based on the use of two prior non-jury juvenile adjudications, implicated Section 2254 rather than Section 2241); *Cotner v. State,* 37 F. App'x 360, 362 (10th Cir. 2002) (unpublished) (holding that a habeas claim involving improper enhancement of the sentence "should have been brought under § 2254" rather than § 2241); *see also Davis v. Roberts,* 425 F.3d 830, 833 (10th Cir.2005) ("to the extent that [the petitioner] contends that his present sentence is unlawful (because it was influenced by the improper execution of his 1991 sentence), the claim should be brought under 28 U.S.C. § 2254" (citation omitted)).

The Court advised Petitioner that although the Court could construe the instant petition as one brought under § 2254, before recharacterizing a pro se pleading as a claim under § 2254, the Court must inform the petitioner of the intent to recharacterize the action, warn him of the consequences, and provide him with an opportunity to withdraw or amend the filing. *Castro v. United States*, 540 U.S. 375, 377 (2003). The Court ordered Petitioner to either: 1) submit his petition on the Court-approved form for filing a § 2254 petition and submit the $5 habeas filing

fee; or 2) give written notice that he does not wish to pursue a § 2254 petition at this time. Petitioner's deadline to respond was November 13, 2023.

Petitioner has not submitted his petition on the § 2254 form that was provided to him and has not paid the $5 habeas filing fee by the Court's deadline. Instead, he has filed a response (Doc. 4).

Petitioner argues in his response that he is "not challenging his conviction" and is "challenging the manner in how the sentence in that case no. 97-CR-723 was adjudicated, in the Court's determination of Petitioner's prior 1983 sentence of aggravated burglary." (Doc. 4, at 1.) However, as set forth above and in the Court's M&O, Petitioner's claim challenges his sentence rather than the execution of his sentence. The substance of his claim, rather than his own designation, controls. "It is the relief sought, not his pleading's title" that is determinative. *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (citing *Gonzalez,* 125 S. Ct. at 2647 (Rule 60(b) motion seeking leave to present omitted claim of constitutional error is properly treated as successive habeas petition under § 2254); *Torres,* 282 F.3d at 1246 ("Indeed, to allow a petition to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.")).

The Court noted in the M&O that Petitioner has filed two prior § 2254 petitions in this Court that were determined to be untimely and successive. *See Luton v. Rohling*, Case No. 08-3054, Doc. 5 (D. Kan. Feb. 25, 2009) (finding that the statute of limitations expired on June 15, 2000, and dismissing petition for writ of habeas corpus under § 2254 as time barred); *Luton v. Goddard*, Case No. 09-3236, Doc. 3 (D. Kan. Nov. 16, 2009) (dismissing § 2254 petition as successive and time-barred). The Court stated in the M&O that "[t]he Court gives no opinion on

3

the merits of a potential § 2254 petition, however it appears that such a petition may be untimely and successive." (Doc. 3, at 5) (citing *Green v. Sirmons*, 2008 WL 649202, at *5 (W.D. Okla. 2008) (noting that if the claim is construed as a § 2254 challenge, the claim would be successive and the court would be without jurisdiction to consider the claim and would be required to transfer the action to the Tenth Circuit Court of Appeals for prior authorization)).

Petitioner argues in his response that he previously filed a § 2254 habeas action in this Court "and was instruct[ed] by this same court to file a 2241 action upon the same manner." *Id*. at 2. The Court is only aware of the two prior § 2254 actions cited above. None of the orders in these two prior cases suggest to Petitioner that he should bring his claims under § 2241. *See Luton*, Case No. 08-3054, at Docs. 3, 5; *Luton*, Case No. 09-3236, at Doc. 3.

Petitioner has failed to submit an amended petition under § 2254 and his claims are not properly before the Court under § 2241. Section 2241 is an inappropriate avenue of relief. Therefore, this matter is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed**.

**IT IS SO ORDERED**.

Dated November 16, 2023, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE